IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00157-PSF-CBS

MICHAEL CASTALDO,
Plaintiff,
v.

DENVER PUBLIC SCHOOLS,
Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendant Denver Public School's Motion to Dismiss the Amended Complaint ("Motion") (Doc. # 15) (filed April 3, 2007). Pursuant to the Order of Reference dated February 21, 2007 (Doc. # 7) and the memorandum dated April 3, 2007 (Doc. # 16), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, Plaintiff's Response (filed April 27, 2007 (Doc. # 18), Defendant's Reply (filed May 8, 2007) (Doc. # 19), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

## I. BACKGROUND

On January 22, 2007, Plaintiff filed a Complaint and Jury Demand in the United States District Court for the District of Colorado ("Complaint") (Doc. # 3). On February 7, 2007, Plaintiff filed his Amended Complaint (Doc. # 4), wherein he alleges claims for demotion and discharge based on his refusal to drive a school bus while injured, constructive discharge, discrimination based on disability, and retaliation. (*See* Amended Complaint, First through Fourth Claims for Relief).

Defendant filed its Motion to Dismiss on April 3, 2007, arguing that Plaintiff failed to timely file an Equal Opportunity Employment Commission ("EEOC") charge. ( Motion at p.1). On April 27, 2007, Plaintiff responded, arguing: (1) he was unaware of the time limits for filing EEOC discrimination charges because Defendant failed to provide "postings or notices" regarding filing a discrimination charge; and (2) he was "too ill to engage [in] any activity" including "legal arguments." (Response at p. 13). On May 8, 2007, Defendant filed its Reply.

The following facts are taken from the Amended Complaint and the parties' submissions in connection with the Motion. Plaintiff alleges he was employed as a school bus driver by Defendant for "almost three years" when he developed shoulder injuries. (Amended Complaint at ¶ 1, Charge of Discrimination (Doc. # 3 at pp. 18-20 of 28). Plaintiff alleges he filed a "Workers' Compensation Report of Injury" in early November 2004, and was referred to Defendant's doctor (Amended Complaint at ¶ 1). Plaintiff alleges his shoulder injuries "prohibited activity and demanded rest." (Amended Complaint at ¶ 8). Although Defendant's doctor pronounced Plaintiff fit on November 17, 2004, Plaintiff alleges he continued to be unable to work. (Amended Complaint at ¶¶ 10-11). Plaintiff asserts he has lost "minimal physical functions" and "every activity, no matter how small or trivial" presents "serious impediments and consequences." (Amended Complaint at ¶¶ 46, 51).

Plaintiff alleges that on November 23, 2004, he was called to Defendant's school bus terminal. (Amended Complaint at ¶ 12; *see also* Motion at p. 2). Defendant asserts that Plaintiff was directed to report for work or produce another doctor's note substantiating the alleged shoulder injury by November 29, 2004. (Motion at ¶ 8). Plaintiff alleges that although he visited a doctor on November 26, 2004, he was unable to secure a satisfactory doctor's note by the deadline. (Amended Complaint at ¶ 30). In December of 2004, Defendant discharged Plaintiff for failing to report to work. (*See*

Amended Complaint at pp. 13-15).

Plaintiff argues he was not afforded notice of the EEOC process because Defendant failed to provide "postings or notices" regarding filing a discrimination charge. (Amended Complaint at ¶ 56). Plaintiff alleges he first contacted an attorney in August 2006 and was advised that a "charge with the EEOC should be filed in 300 days." (Amended Complaint at ¶ 66). On September 21, 2006, Plaintiff alleges he mailed a "Charge of Discrimination" to the EEOC. (*See* Amended Complaint at ¶ 66, Charge of Discrimination (Doc. # 3 at p. 18 of 28). On October 17, 2006, the EEOC issued a "Dismissal and Notice of Rights" because the charge was not timely filed. (*See* Doc. # 3 at p. 28 of 28).

## II.   STANDARD OF REVIEW

Defendant moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to timely file an EEOC charge. The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, — F. 3d —, —, 2007 WL 2019752 at * 3 (10th Cir. (N. M.) July 13, 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 2007 WL 2019752 at * 3 n. 2 (citation omitted). *See also Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1968-69 (2007) ("the old standard, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' is 'best forgotten as an incomplete,

negative gloss on an accepted pleading standard'").[1] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks and citation omitted). Moreover, because Plaintiff appears *pro se*, the court will liberally construe his pleadings and other papers, holding them to a less stringent standard than formal papers filed by attorneys. *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

## III. ANALYSIS

### A. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

As a threshold issue, a plaintiff must exhaust certain administrative remedies in order to file a Title VII claim in federal court. 42 U.S.C. § 2000e-5; *Simms v. Okla. ex rel Dep't of Mental Health & Substance Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Title VII provides a 180-day filing period after the occurrence of an unlawful discriminatory practice. 42 U.S.C. § 2000e-5(e). This period is extended to three-hundred (300) days in "deferral states," where the "EEOC defers to the enforcement efforts of a state agency empowered to undertake employment discrimination investigations." *Mascheroni v. Bd. of Regents of the University of California*, 28 F.3d 1554, 1557 n.3 (10th Cir. 1994). Therefore, in order to commence a civil action under Title VII in Colorado, a plaintiff must file a charge alleging unlawful discrimination with the EEOC "within three hundred days after the alleged unlawful practice occurred, . . . ." 42 U.S.C. § 2000e-5. A complaint may only

[1] The court notes that its Recommendation in this case would be the same regardless of whether it applied "the old 'no set of facts' standard, *see, e.g., David*, 101 F.3d at 1352, or . . . either a plausibility standard or a requirement that the complaint include factual allegations sufficient to 'raise a right to relief above the speculative level.'" *See Alvarado v. KOB-TV, L.L.C.*, — F. 3d at —, 2007 WL 2019752 at * 3 n. 2. (citing *Bell Atlantic Corp.*, 127 S. Ct. at 1965).

include those claims which were explicitly raised in the administrative charge with the EEOC and "any discrimination like or reasonably related to the allegations of the EEOC charge." *Brown v. Harthshorne Public School Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988). Accordingly, a plaintiff may not normally bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter. *Simms*, 165 F.3d at 1326. In the Tenth Circuit, exhaustion of administrative remedies is a "jurisdictional prerequisite to suit under Title VII - not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996)). As to Plaintiff's claim for "disability-based discrimination," (*see* Amended Complaint at ¶ 81) the provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, governing employment discrimination incorporate the procedural rules of Title VII, including the time limits. *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002).

Defendant argues that Plaintiff's claims are barred because he failed to file a timely EEOC charge until September 2006, almost two years after the alleged discriminatory acts. (Motion at p.4, Amended Complaint at ¶ 66). Counting approximately three-hundred (300) days from December 2004 results in an EEOC limitations period ending no later than approximately late September or November 2005. It is undisputed that Plaintiff filed his Charge of Discrimination with the EEOC on approximately September 21, 2006 (Amended Complaint at ¶ 66). Therefore, Plaintiff's claims appear barred.

B.    EQUITABLE TOLLING

The administrative time limits created by the EEOC are "subject to waiver, estoppel, and equitable tolling." *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984). The issue of tolling is governed by state law. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). In Colorado, "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). The Tenth Circuit Court of Appeals has held that the time limits in Title VII "will be tolled *only* if there has been 'active deception' of the claimant regarding procedural prerequisites." *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991). "Equitable tolling might be appropriate, for example, where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (citing *Carlile v. S. Routt Sch. Dist.*, 652 F.2d 981, 986 (10th Cir. 1981)). Once the defendant meets its burden of showing that the plaintiff failed to exhaust administrative remedies, the plaintiff must prove that his claims should be equitably tolled. *Harms v. IRS*, 146 F. Supp. 2d 1128, 1135 (D. Kan. 2001).

The U.S. Supreme Court has reasoned that "federal courts have typically extended equitable relief only sparingly," and allowed equitable tolling in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Moreover, equitable tolling is generally inappropriate if the plaintiff failed to exercise due diligence in preserving his legal rights. *Montoya*, 296 F.3d at 957 (citing *Irwin*, 498 U.S. at 96).

In the case at bar, Plaintiff does not dispute that he filed his charge with the EEOC outside of the three-hundred (300) day filing period. Plaintiff proposes that equitable tolling is appropriate for several reasons. First, Plaintiff argues that equitable tolling is appropriate because Defendant failed to provide "postings or notices" regarding "filing a discrimination charge." (Response at p. 11). Plaintiff also argues that equitable tolling is warranted because he was "too ill to engage in any activity, including the legal arguments Plaintiff's worsening work injuries demanded." (Response at p. 13). Plaintiff further argues that "equity requires" that "Plaintiff's pro se case" should be examined construing the "procedural requirements of Title VII with liberality in view of its beneficial purposes in exposing unlawful discrimination." (Response at p.7).

Even accepting Plaintiff's allegations as true, this court concludes that Plaintiff does not state a basis for applying equitable tolling. First, a defendant's failure to post notices, "without intent to actively mislead the plaintiff respecting the cause of action, does not extend the time within which a claimant must file his or her discrimination charge." *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 347 (10th Cir. 1982) (citations omitted). Plaintiff has not alleged that Defendant intentionally refused to post notices regarding discrimination laws. It appears that under Tenth Circuit law, Plaintiff cannot benefit from equitable tolling of the administrative time limits.

Second, the Tenth Circuit Court of Appeals has recognized only two exceptional "medical" circumstances justifying equitable tolling: (1) adjudication of incompetency; or (2) institutionalization. *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996). Based on the pleadings before the court, neither of these circumstances apply. Plaintiff has not alleged the "exceptional circumstances" to warrant equitable tolling. There is no claim here that Plaintiff was adjudged incompetent or institutionalized. The pleadings indicate that, in spite of his medical

condition, Plaintiff was capable of pursuing his Title VII claim. Plaintiff asserts that he "first contacted an attorney" in "August 2006," approximately one year beyond the required deadline, and almost two years after his termination by Defendant in December 2004. (Response at p.11). Although Plaintiff fails to provide specific dates or detail regarding the length and extent of his medical incapacity, he admits that he was able to administer his "Workers' Compensation claim to an expedient end." (Response at p. 12). Plaintiff fails to allege grounds to justify the delay in pursuing his claim with the EEOC. Plaintiff's allegations do not rise to the level of active deception about the procedures for filing a Title VII claim, or state that Plaintiff "has in some extraordinary way been prevented from asserting his . . . rights." *Scheerer*, 950 F.2d at 655; *Wilkerson*, 683 F.2d at 348.

Nor does Plaintiff's *pro se* status justify equitable tolling. The Tenth Circuit Court of Appeals has held that the "district court [does not] abuse its discretion in finding that Plaintiff's difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner." *Montoya*, 296 F.3d at 957. In *Montoya*, the plaintiff argued that he had a limited education and little understanding of the law or of the "intricacies of the procedural framework of Title VII actions or the appropriate manner in which to file an action in federal court." *Id.* In dismissing the case, the court reasoned that the plaintiff's case was "precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court deemed unworthy of meriting equitable tolling." *Id.* (citing *Irwin*, 498 U.S. at 96).

There being no appropriate basis for equitably tolling the administrative time limits, Plaintiff's Amended Complaint is properly dismissed as untimely.

Accordingly,

IT IS RECOMMENDED that Defendant's Motion to Dismiss (filed April 3, 2007) (Doc. #15) be GRANTED and that this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The District Judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the recommendations or findings made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to

the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 7th day of August, 2007.

BY THE COURT:

s/ Craig B. Shaffer
UNITED STATES MAGISTRATE JUDGE