IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00157-PSF-CBS

MICHAEL CASTALDO,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE DATED AUGUST 7, 2007**

This matter comes before the Court on the Recommendation of the Magistrate Judge (Dkt. # 20) entered August 7, 2007, in which he recommends granting defendant's Motion to Dismiss this *pro se* employment case due to plaintiff's failure to exhaust requisite administrative remedies. On August 24, 2007, plaintiff filed his Objections to the Recommendation (Dkt. # 21). The matter is ripe for determination.

Pursuant to Rule 72(b), F.R.Civ.P. and 28 U.S.C. § 636(b)(1)(C), the Court reviews *de novo* the portions of the Recommendation to which plaintiff has made specific objections. For the reasons set forth below, the Recommendation is accepted and the complaint is dismissed with prejudice.

Plaintiff's *pro se* complaint, filed April 3, 2007, alleges claims arising from a demotion and discharge from his employment with defendant when he refused to drive a school bus while injured, apparently in the Fall of 2004. The complaint also appears to allege constructive discharge, discrimination based on an alleged disability, and

retaliation by the employer. The complaint cites to both Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilites Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, as statutory bases for his claims.

The prerequisite to filing claims under either statute is the timely filing of a charge of discrimination with the EEOC, as provided in 42 U.S.C. § 2000e-5(e).  *See Montes v. Vail Clinic,* ___ F.3d ___, 2007 WL 2309766 at *1 (10th Cir., Aug. 14, 2007); *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002).  The statute requires that the charge of discrimination be filed within 180 days of the last act of alleged discrimination, or within 300 days if the alleged discrimination occurred in what is referred to as a "deferral" state.  *Id.*  Colorado is a deferral state, and therefore plaintiff had 300 days from the date of the last act of discrimination to file his charge with the EEOC.  The only charge filed by plaintiff with the EEOC is dated September 14, 2006 (*See* attachment to Complaint, Dkt. # 3, at 3).  The charge alleges "discrimination based on retaliation and disability" which occurred in "November 2004."  *Id.*  Based on this Court's independent review of the EEOC charge it finds no act alleged in the charge which occurred after November 2004.

Defendant moved to dismiss plaintiff's complaint on the grounds that he did not satisfy the prerequisite of filing a timely charge, as the only charge filed with the EEOC was lodged more than 300 days after the last act of discrimination (Defendant's Motion, Dkt. # 15, at 4-5).  Plaintiff responded with a detailed description of his injuries, the conduct of the defendant in response to the injuries, and a review of his medical treatment.  However, in response to the argument that he did not timely file a charge

with the EEOC, the only arguments made by plaintiff are that the employer did not post a notice of the applicability of Title VII as required by 42 U.S.C. § 2000e-10, and that his health condition rendered him "too incapacitated" to file a charge (Plaintiff's Response, Dkt. # 18, at 11-13).  He acknowledged, however, that when he contacted an attorney in August 2006, and was told that the filing of a charge was necessary, he "acted without delay" and filed the charge on September 15, 2006 (*id.* at 11).  Plaintiff also suggests that his *pro se* status justifies special treatment of his case.  Plaintiff's Objections to this Court essentially restate the argument he made in his response to the motion to dismiss.

As the Magistrate Judge correctly states, plaintiff's claims are barred because he did not file a timely charge with the EEOC, unless his arguments justify an equitable tolling of the time limits contained in Title VII.  Here, the Magistrate Judge found no basis to justify equitable tolling, and this Court agrees.

First, the Tenth Circuit has held generally that the time limits in Title VII "will be tolled *only* if there has been 'active deception' of the claimant regarding procedural prerequisites." *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991), *cert. denied,* 505 U.S. 1205 (1992)(emphasis in original).  The Tenth Circuit has also held that an employer's failure to post notices, "without intent to actively mislead the plaintiff respecting the cause of action, does not extend the time within which a claimant must file his or her discrimination charge." *Wilkerson v. Siegfried Ins. Agency, Inc.*, 683 F.2d 344, 347 (10th Cir. 1982) (citations omitted).  Plaintiff has not alleged that defendant intentionally refused to post notices regarding the applicability of Title

VII or other employment discrimination statutes, or actively misled him regarding his cause of action. Under controlling Tenth Circuit law, plaintiff is not entitled to equitable tolling due to the alleged failure to post notices.

Second, as the Magistrate Judge states, the Tenth Circuit has specifically suggested that exceptional "medical" circumstances justify equitable tolling only if the plaintiff "was adjudged incompetent or institutionalized." *Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996). In *Biester*, the circuit also held that if despite a mental condition plaintiff is capable of pursuing his claim, there is no basis for tolling. *Id*. Based on the pleadings before the Court, none of these exceptional circumstances have been shown to apply here. Plaintiff has not alleged that he was either incompetent or institutionalized, nor has he demonstrated that he was incapable of pursuing his claim. Moreover, the charge filed by plaintiff in September 2006 expressly indicates that in spite of his medical condition he was able to contact an attorney in August 2006, and promptly file a charge after being advised that such action was necessary (*See* attachment to Complaint, Dkt. # 3, at 3).

Finally, the Magistrate Judge notes that plaintiff's *pro se* status does not entitle him to application of different rules. In *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002), the plaintiff argued that equitable tolling is warranted because he had a limited education and little understanding of the law or of the "intricacies of the procedural framework of Title VII actions or the appropriate manner in which to file an action in federal court." The Tenth Circuit rejected the argument holding that a district court does not abuse its discretion in finding that plaintiff's difficulties are those faced by

many plaintiffs who nonetheless manage to file suit in a timely manner. *Id.* In affirming the dismissal of the case, the panel reasoned that the plaintiff's case was "precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court deemed unworthy of meriting equitable tolling." *Id.*, citing to *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Here it is also apparent that plaintiff was able to navigate the procedural requirements of filing a charge and bringing a case, but he failed to file his charge in a timely fashion. Moreover, even if plaintiff were not able to discern the procedure for filing a charge and a case, he had the ability to contact counsel to assist him, but for some reason he elected not to do so until August 2006.

Accordingly, for the reasons set forth above, the Court finds no basis has been shown here to justify equitable tolling of the time limits set forth in Title VII. Plaintiff's charge of discrimination was not timely filed. The prerequisites to the exercise of jurisdiction over his complaint have not been satisfied, and the complaint must be dismissed.

**CONCLUSION**

Defendant's Motion To Dismiss (Dkt. # 15) is GRANTED.

Plaintiff's complaint is DISMISSED with Prejudice.

DATED: August 28, 2007

BY THE COURT:

  s/Phillip S. Figa
Phillip S. Figa
United States District Judge